UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NIDHIN S.,
[A# 221-242-797]

        Petitioner,

    v.

KRISTI NOEM, et al.,

        Respondents.

No. 1:26-cv-01966-TLN-CSK

**ORDER**

This matter is before the Court on Petitioner Nidhin S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On March 12, 2026, the Court granted Petitioner's Motion for Temporary Restraining Order ("TRO") (ECF No. 6) and ordered his immediate release. (ECF No. 4.) The Court also ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner. (*Id.*) Respondents did not file a response, and as such, the Court considers Petitioner's Petition for Writ of Habeas Corpus unopposed. *See* L.R. 230(c). For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on January 26, 2023.  (ECF No. 1 at 5.)  On January 9, 2026, Petitioner was detained and taken to Buffalo Federal Detention Facility in Batavia, New York.  (*Id.*)  At some point thereafter, Petitioner was transferred to California City Correctional Facility and stopped appearing in the U.S. Immigration and Customs Enforcement ("ICE") online detainee locator system.  (*Id.*)  On March 4, 2026, Petitioner was granted release on bond in the amount of $12,000.  (ECF No. 1-2.)  Between March 5, 2026 to March 11, 2026, Petitioner's employer made attempts to post bond but has been unable to do so because Petitioner does not show up in ICE's online detainee locator system. (*Id.* at 5–6.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or

permanent."). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts evaluate procedural due process claims in two steps: the first asks whether there exists a protected liberty interest, and the second examines the procedures necessary to ensure any deprivation of that interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

First, the Court finds Petitioner has a protected liberty interest in his continued freedom. *Morrissey*, 408 U.S. at 482; *see Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("Accordingly, a noncitizen released from custody pending immigration proceedings has a protected liberty interest in remaining out of custody.").

Second, having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

As to the first *Mathews* factor – Petitioner's private interest – Petitioner has been granted release on bond by an immigration judge. (ECF No. 1-2.) His interest in being free from detention is powerful.

As to the second *Mathews* factor – the risk of erroneous deprivation – the Court finds the risk here to be considerable. The risk of an erroneous deprivation of Petitioner's liberty interest is high where he has been released on bond but remains detained due to Respondents' apparent internal, systemic issue. Even more concerning, Respondent has failed to provide any justification for its continued detention of Petitioner.

As to the third *Mathews* factor, the government's interest in detaining Petitioner without a hearing before a neutral decisionmaker is negligible. *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *6 (E.D. Cal. Sept. 9, 2025). Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Again, Respondents have not provided any justification for Petitioner's ongoing detention. Therefore, on this record, the Court can find no legitimate interest for Respondents to continue detaining Petitioner.

Accordingly, the Court finds Respondents violated Petitioner's due process rights and GRANTS Petitioner's Writ of Habeas Corpus. (ECF No.1.)

### IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. By April 2, 2026, Respondents shall file a notice of compliance with the Court's March 12, 2026 Order granting Petitioner's Motion for Temporary Restraining Order and ordering his immediate release.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

//

//

//

4

IT IS SO ORDERED.

Date: March 31, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE